Jonathan B. Ambaye (SBN 289970)
**LAW OFFICE OF JONATHAN B. AMBAYE**
800 Wilshire blvd, Suite 200
Los Angeles, California 90017
Telephone: (323) 902-7247
Facsimile: (323) 451-8728

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Abraham Haile,<br><br>                    Plaintiff,<br>             v.<br><br>Chad F. Wolf, Acting Secretary of the Department of Homeland Security, in his official capacity; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**<br><br>1. National Origin Discrimination in violation of Title VII, 42 U.S.C. §§ 2000e-2(m), 2000e-16; and<br>2. Retaliation in violation of Title VII, 42 U.S.C. §§ 2000e-2(m), 2000e-3, 2000e-16<br><br>**REQUEST FOR JURY TRIAL** |

- 1 -
COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Plaintiff ABRAHAM HAILE complains and alleges as follows:

## I.     INTRODUCTION

1.     This lawsuit concerns Plaintiff Abraham Haile, a former Transportation Security Administration ("TSA") employee, who was wrongfully terminated based on his national origin. Plaintiff Haile files this lawsuit against Chad F. Wolf, Acting Secretary of the Department of Homeland Security to recover damages from Defendant for constitutional injuries.

2.     All of the foregoing claims are based on the unlawful treatment of Plaintiff by the employees of Defendant Secretary Wolf.

3.     All of the forgoing claims are based on the unlawful treatment of Plaintiff by his employer, TSA, a division of the Department of Homeland Security.

## II.     THE PARTIES

### A.     Plaintiff

4.     Plaintiff Abraham Haile is a natural person who resides in Los Angeles County, located in the Central District of California, and is a former employee of the Department of Homeland Security as a TSA employee at the Los Angeles International Airport ("LAX") in Los Angeles, California.

### B.     Defendants

5.     Defendant Chad Wolf is the Acting Secretary of the Department of Homeland Security. Secretary Wolf is sued in his official capacity. Homeland Security is a department of the United States government.  Defendant is responsible for the administration of TSA.  Defendant is the employer of Plaintiff.  The unlawful conduct alleged in this complaint occurred at the LAX Airport.

6.     Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief allege that said Defendants are legally responsible for their role in terminating Plaintiff in violation of federal anti-discrimination laws, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

7.      Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant legally attributable to the other Defendant.

### III.      JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §§ 1333, 1343(a)(3), and 1343(a)(4) because this action arises under the laws of the United States.

9.      The Central District of California has personal jurisdiction over this matter because Defendant is doing business in this district and many of the acts complained herein occurred in this District. Plaintiff Haile worked for Defendant in its facilities and operations within this district, specifically LAX Airport in Los Angeles, California.

### IV.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.      On April 8, 2015, Complainant initiated contact with an Equal Employment Opportunity Counselor ("EEO").

11.      On July 7, 2015 TSA notified Complainant of the conclusion of EEO counseling and of Complainant's right to file a formal complaint.

12.      On July 23, 2015 Complainant filed the formal complaint at issue.

13.      On July 17, 2019 Complainant requested to withdraw his hearing request and receive a Final Agency Decision.

14.      CRCL issued a Final Agency Decision and notice of Right to Sue on August 10, 2020

15.      All conditions precedent to the institution of this lawsuit have been fulfilled.

### V.      FACTS AND ALLEGATIONS RELATED TO THE NAMED PARTIES

16.      Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 32, above.

17.      Plaintiff Haile was employed as a Supervisory Transportation Security Officer ("STSO") at the LAX Airport from October 20, 2002 until May 15, 2015.   A Supervisory

- 3 -
COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Transportation Security Officer is an employee of the TSA and the Department of Homeland Security.

18.    Plaintiff Haile is a member of a protected group based on his race/color as an African-American/Black and national origin as a naturalized citizen of the United States who was born and raised in Ethiopia, Africa and speaks with an Ethiopian accent.

19.    Plaintiff Haile's work ethic was great during his employment with TSA. Plaintiff was a leader among his peers and an asset to TSA as he was often relied upon to train and mentor new-hires.

20.    In or around On February 01, 2010, Plaintiff Haile began experiencing problems with a senior manager, Transportation Security Manager Ivan Cikos ("TSM CIKOS"). As a Senior Transportation Security Manager, TSM Cikos is responsible for management of TSA employees at the LAX airport and sits on hiring panels that determine the promoting and advancement of TSA employees such as Plaintiff Haile. TSM Cikos would frequently single out Plaintiff Haile and riddle him with offensive and abusive statements in front of his peers of which some of these statements related to Plaintiff Haile's Ethiopian accent. In or around this time, TSA employees began mocking Plaintiff Haile's ethnicity when a photo of Osama Bin Laden with Plaintiff Haile's name below the photo was posted onto Facebook by a TSA employee with many of Plaintiff Haile's colleagues commenting and joking at Plaintiff's expense.

21.    Shortly after the aforementioned incidents with TSM Cikos, Plaintiff Haile complained to his supervisors.

22.    After learning of Plaintiff's complaints TSM Cikos threatened Plaintiff when he said, "As long as I am here, I will make sure you never move up in the Agency."

23.    Between February 2010 and March 2015 was deemed eligible and qualified to interview for a Transportation Security Manager position. During the course of the aforementioned five years, Plaintiff Haile interviewed for essentially the same position 17 different times and was subsequently denied a promotion each and every time in favor of other candidates who were not of the same national origin as Plaintiff Haile. In total Plaintiff Haile was eligible and interviewed

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

for the TSM position 18 times and was denied 18 times in favor of other candidates each of whom were not of the same national origin as Plaintiff Haile.

24.     While Plaintiff experienced the aforementioned flurry of promotion denials by Defendant, a management level employee told Plaintiff that he "needs to speak better English if he wants to move up within the agency" and that he should consider transferring to a different airport location.

25.     In or around October of 2014 Plaintiff received a rare and unfavorable performance review that was conducted improperly and unfairly. For the evaluation period in question, the rating official/manager, failed to follow the mandated process by only meeting with the Responding party once prior to the end of the year review. The meeting came during the Mid-Year Review and was not in a private setting as it was conducted in front of two other employees in a hallway which is prohibited. After receiving the unfavorable score which would affect his advancement opportunities, Plaintiff made a verbal complaint to his manager and the rating official. The Rating official informed Plaintiff Haile that he would take the issue up with upper management. After speaking with a member of upper management, the Rating official informed Plaintiff that he was instructed not to take any corrective action to Plaintiff Haile's evaluation score and was subsequently denied another promotion.

26.     On May 15, 2015 Plaintiff Haile was terminated after failing an assessment several times. However, Plaintiff observed other employees who were not of the same national origin being allowed to retake the assessments after several failures and consequently retain their positions.

**<u>FIRST CAUSE OF ACTION</u>**
**PATTERN OR PRACTICE OF DISCIMINATORY TREATMENT BASED ON NATIONAL ORIGIN AND RETALIATION**
**42 U.S.C. §§ 2000e-2(a), 2000e-3(a)**

(Plaintiff and against all Defendants)

27.     Plaintiff re-alleges and incorporate by reference paragraphs 1 through 26 as though fully set forth herein.

28.     Plaintiff was at all times material hereto an employee covered by Title VII.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

29.    The Department of Homeland Security was at all times a federal government department covered by Title VII employing Plaintiff, and as such, barred from discriminating in employment decisions on the basis of color, race, ethnicity, national origin and/or ancestry.  Acting Secretary Chad F. Wolf is the current head of the Department of Homeland Security.

30.    Defendant through its officers, agents, and/or employees acting within the scope of their employment, discriminated against Plaintiff on the basis of his color, race, ethnicity, national origin and/or ancestry in violation of Title VII by engaging in a course of conduct which included, but is not limited to, at least some of the acts set forth above. Since at least, in or around, January 2010, Defendant engaged in a pattern or practice of unlawful discriminatory employment practices by discriminating against the Plaintiff with respect to the terms and conditions of his employment because of his actual or perceived national origin (Ethiopian);  subjecting the Plaintiff to a hostile work environment because of his actual or perceived national origin (Ethiopian); retaliating against the Plaintiff for engaging in protected activity, including, but not limited to complaining about the discriminatory terms and conditions of employment, and/or hostile work environment, by subjecting him to heightened scrutiny, fabricating incidents of misconduct, falsely accusing him of poor performance, ignoring its performance evaluation policy, intimidating and threating him with denial of advancement opportunities/promotions, denying of advancement opportunities/promotions 18 different times, and ultimately terminating him.

31.    Defendant's discrimination against Plaintiff on the basis of his national origin and/or ancestry in violation of Title VII was a substantial and motivating reason for the adverse employment actions described in this complaint.

32.    As a proximate result of Defendant's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

33.    As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by 29 U.S.C. §§ 2000e-16(d); 2000e-5(k).

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## SECOND CAUSE OF ACTION
### DISPARATE TERMS AND CONDITIONS OF EMPLOYMENT
### 42 U.S.C. §§ 2000e-2(a)

(Plaintiff and against all Defendants)

34.     Plaintiff re-alleges and incorporate by reference paragraphs 1 through 33 as though fully set forth herein.

35.     Plaintiff was at all times material hereto an employee covered by Title VII.

36.     The Department of Homeland Security was at all times a federal government department covered by Title VII employing Plaintiff, and as such, barred from discriminating in employment decisions on the basis of color, race, ethnicity, national origin and/or ancestry.  Acting Secretary Chad F. Wolf is the current head of the Department of Homeland Security.

37.     Defendant through its officers, agents, and/or employees acting within the scope of their employment, discriminated against Plaintiff on the basis of his color, race, ethnicity, national origin and/or ancestry in violation of Title VII by engaging in a course of conduct which included, but is not limited to, at least some of the acts set forth above. Since at least, in or around, January 2010, Defendant engaged in unlawful discriminatory employment practices by subjecting Plaintiff to discriminatory terms and conditions of employment because of his actual or perceived national origin (Ethiopian).

38.     As a proximate result of Defendant's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

39.     As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by 29 U.S.C. §§ 2000e-16(d); 2000e-5(k).

## THIRD CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT
### 42 U.S.C. §§ 2000e-2(a)

(Plaintiff and against all Defendants)

- 7 -
COMPLAINT FOR EMPLOYMENT DISCRIMINATION

40.     Plaintiff re-alleges and incorporate by reference paragraphs 1 through 39 as though fully set forth herein.

41.     Plaintiff was at all times material hereto an employee covered by Title VII.

42.     The Department of Homeland Security was at all times a federal government department covered by Title VII employing Plaintiff, and as such, barred from discriminating in employment decisions on the basis of color, race, ethnicity, national origin and/or ancestry.  Acting Secretary Chad F. Wolf is the current head of the Department of Homeland Security.

43.     Defendant through its officers, agents, and/or employees acting within the scope of their employment, discriminated against Plaintiff on the basis of his color, race, ethnicity, national origin and/or ancestry in violation of Title VII by engaging in a course of conduct which included, but is not limited to, at least some of the acts set forth above. Specifically, Plaintiff was targeted ramp.  This was another form of racial discrimination.  Prior to this incident, Plaintiff did not have any disciplinary problems.  Since at least, in or around, January 2010, Defendant has engaged in unlawful employment practices by subjecting Plaintiff to harassment and/or a hostile work environment because of his actual or perceived national origin (Ethiopian) and/or failing to prevent and promptly correct the harassment and/or hostile work environment.

44.     Defendant's discrimination against Plaintiff on the basis of his color, race, ethnicity, national origin and/or ancestry in violation of Title VII was a substantial and motivating reason for the adverse employment actions described in this complaint.

45.     As a proximate result of Defendant's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

46.     As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by 29 U.S.C. §§ 2000e-16(d); 2000e-5(k).

**FOURTH CAUSE OF ACTION**
**RETALIATION**
**42 U.S.C. §§ 2000e-2(a)**

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

(Plaintiff against all Defendants)

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff was at all times material hereto an employee covered by Title VII of the Civil Rights Act of 1964, which prohibits retaliation in employment decisions on the basis of complaints made against unlawful discriminatory treatment.

49. Defendant was and is at all times material hereto an employer within the meaning of Title VII. Defendant was barred from retaliating in employment decisions for complaints made by an employee about discrimination as set forth in Title VII.

50. Since at least, in or around, January 2010, Defendant engaged in unlawful discriminatory employment practices by subjecting Plaintiff to retaliation for engaging in protected activity including but not limited to, opposing and/or complaining about the discriminatory terms and conditions of employment, and/or hostile work environment, by subjecting him to heightened scrutiny, fabricating incidents of misconduct, falsely accusing him of poor performance, ignoring its performance evaluation policy, intimidating and threating him with denial of advancement opportunities/promotions, denying of advancement opportunities/promotions 18 different times, and ultimately terminating him.

51. As a result of the aforementioned acts of Defendant, Plaintiff has suffered harms including, but not limited to, substantial loss of income and professional status, a loss of promotion potential and deprivation of promotional opportunities, humiliation, pain and suffering, and emotional distress. As such, Plaintiff is entitled to damages and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. Order that Defendant is liable to Plaintiff for all pecuniary losses incurred by him to date, and projected to be incurred by him, including, but not limited to loss of earnings, front and back pay, health and welfare benefits, lost employee benefits and other pecuniary advantage of employment, the loss of which was directly or proximately caused by Defendant's unlawful practices, each in an amount to be proven at trial.

- 9 -
COMPLAINT FOR EMPLOYMENT DISCRIMINATION

2. Order that Defendant is liable to Plaintiff for all non-pecuniary and intangible damages, directly or proximately caused by Defendant's unlawful conduct, including, but not limited to, emotional distress, humiliation, mental anguish, pain and suffering, and embarrassment, as authorized by law, in an amount to be proved at trial

3. Order that Defendant is liable for all of Plaintiff's special damages, including job search expenses, self-employment training, medical expense and other tangible losses proximately caused by Defendant's unlawful conduct.

4. Order that Defendant is liable for plaintiff's cost of litigation and reasonable attorneys' fee, as authorized by law; and

5. For all such other and further relief as the Court may deem just and proper.

Dated: November 8, 2020                    **Law office of Jonathan B. Ambaye**

                                           */s/Jonathan B. Ambaye*
                                           Jonathan B. Ambaye, Esq.
                                           Attorneys for Plaintiff Abraham Haile

## **DEMAND FOR JURY TRIAL**

Plaintiff ABRAHAM HAILE hereby demand a jury trial on all applicable causes of action.

Dated: November 8, 2020                    **Law office of Jonathan B. Ambaye**


                                           */s/Jonathan B. Ambaye*
                                           Jonathan B. Ambaye, Esq.
                                           Attorneys for Plaintiff Abraham Haile

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

COMPLAINT FOR EMPLOYMENT DISCRIMINATION